UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RUDY DELGADO**

      Petitioner,         **Criminal No. 00-81120-1**
                                  **Civil No. 05-70946**
v.                              **HONORABLE VICTORIA A. ROBERTS**

**UNITED STATES OF AMERICA**

      Respondent,
_____/

**OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO DISMISS
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 DUE TO NOT FILING WITHIN
ONE-YEAR LIMITATIONS PERIOD**

**I.  INTRODUCTION**

This matter is before the Court on Government's motion to dismiss petitioner Rudy Delgado's 28 U.S.C. § 2255 motion because it is untimely.  The Court **DENIES** the Government's motion, and will require the Government to file a response to the motion on its merits.

**II.  BACKGROUND**

Rudy Delgado was convicted on multiple charges on March 9, 2001.  Delgado pursued a direct appeal to the U.S. Court of Appeals for the Sixth Circuit, which affirmed his conviction and sentence on December 5, 2003.  Delgado filed a motion under 28 U.S.C. §2255 claiming ineffective assistance of counsel under the 6th Amendment of the U.S. Constitution.  The Government filed a motion to dismiss Delgado's §2255 motion, contending that it is time-barred under the Antiterrorism and Effective Death Penalty Act

1

of 1996 (the "AEDPA").  The AEDPA provides that a §2255 motion must be filed within one year from the date on which the judgment of conviction becomes final, 28 U.S.C. §2255 par.6(1).  The Government believes that Delgado's conviction became final on March 4, 2004, and that because this motion was filed on March 11, 2005, it is untimely.

March 11, 2005 is the date the §2255 motion was received by the clerk of this court.  The motion's date of execution is typed as "4th Day of December 2004" (28 U.S.C. §2255 motion, page 6).  However, this date was crossed out and replaced with a new date of execution, handwritten as "2 day of March, 2005" directly above the crossed out typed date of December 4, 2004.  Delgado states that his §2255 motion is timely, claiming: "that On December 4, 2004, I have deposited with the authorities (sic) staff members at FCI, Elkton, Ohio my Habeas Corpus Motion §2255. and said document was personally given to the Unit Officer on that date." (Affidavit of Delgado 4/20/05, **Exhibit B**).  The copy of the §2255 motion filed with Delgado's papers in response to the Government's motion does not have the handwritten date of "2 day of March, 2005," and, "4th Day of December 2004" is not crossed out.  **Exhibit A** to Petitioner's Reply Brief.

### III.  APPLICABLE LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 added a limitations period to the filing of motions under 28 U.S.C. §2255.  A §2255 motion must be filed within one year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072 (2003), the Supreme Court held that, "[f]or the purposes of starting the clock on §2255's one-year limitation period,...a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."

Supreme Court Rule 13(1) states that: "Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

In *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), the Supreme Court held that, "Under Rule 4(a)(1), *pro se* prisoners' notices of appeals are "filed" at the moment of delivery to prison authorities for forwarding to the district court."

The 6th Circuit Court of Appeals entered its judgment, affirming Delgado's conviction, on December 5th, 2003. Time expired for filing a petition for certiorari on Delgado's conviction on March 4, 2004, making his conviction final. Delgado had until March 4, 2005 to file this § 2255 motion.

The Government noted that the motion was not received by the Clerk of this Court until March 11, 2005. Delgado responded by providing an affidavit stating he handed the motion to the proper prison authorities on December 4, 2004. Under the *pro se* prisoner's mail box rule, the motion is to be considered filed on the date Delgado gave his motion to prison authorities. *Houston v. Lack*, 487 U.S. 266 at 271.

The holding in *Houston* reflects the Supreme Court's understanding that the date a prisoner submits a motion to be mailed can be verified by prison officials who keep record of the dates that they receive legal mail:

> The *pro se* prisoner does not anonymously drop his notice of appeal in a prison mailbox– he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.

*Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988) at 2385.

The staff members at the Federal Correctional Institute, Elkton, Ohio, however, do not have such well-developed procedures. They do not note the dates and times when legal mail is placed into the prison's mail system. They only note the dates and times when certified mail is being sent. Delgado did send his motion by certified mail. The Government does not dispute when

Delgado's motion was delivered to prison authorities for mailing. Because there is no way to verify the date that Delgado handed the motion to prison authorities to be mailed as legal mail, Delgado's affidavit is accepted as true, and his motion is considered timely.

## VI. CONCLUSION

This Court **DENIES** Government's motion to dismiss for untimeliness, and will require the Government to file a response to the motion on its merits, by August 4, 2005.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 21, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 21, 2005.

s/Carol A. Pinegar

Deputy Clerk

---

5