UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RUDY DELGADO,

        Petitioner,

v.                                                                            Criminal No. 00-81120
                                                                              Case No.  05-70946
                                                                              Hon. Victoria A. Roberts

UNITED STATES OF AMERICA,

        Respondent.
_____


**ORDER**

## I.    INTRODUCTION

This matter is before the Court on Petitioner's Motion for Reconsideration of

Denial of his petition for habeas corpus.[1]  For the following reasons, the Court **GRANTS**

the motion for reconsideration; **STRIKES** its Order of December 15, 2005; **GRANTS** the

motion for leave to file a response to Thomas Plachta's affidavit; and **DENIES** the

petition for writ of habeas corpus.

## II.    BACKGROUND

The Petitioner, Rudy Delgado, was convicted on March 9, 2001 of various counts

relating to the trafficking and distribution of cocaine.  On July 26, 2001, the Court

sentenced him to 135 months in prison.  The Sixth Circuit confirmed the Petitioner's

---

[1]On December 28, 2005, the Petitioner sent a letter indicating that Orders entered by the Court on July 21, 2005 and December 15, 2005, were inconsistent.  The letter will be treated as a motion for reconsideration.

conviction and sentence on December 5, 2003.  He did not petition the Supreme Court for certiorari.

On March 11, 2005, the Petitioner filed a petition for writ of habeas corpus, pursuant to 28 USC §2255.  The government filed a motion to dismiss the petition as untimely on April 15, 2005.  The government argued it was untimely because petitions must be filed within one year of the final judgment of conviction.  *Id.*  The government contends the time began to run when the time to file a petition for certiorari ran, which was March 4, 2004.[2]  The Petitioner filed his petition on March 11, 2005.

On July 21, 2005, the Court denied the government's motion to dismiss based on the "prisoner's mailbox rule."  The prisoner's mailbox rule holds that a prisoner's pleading is considered "filed" when it is given to prison authorities.[3]  The Petitioner averred he gave the petition to prison authorities on December 4, 2004.  That date is typed in on the petition but was crossed out, and the filing date of March 11, 2005 was written in.  The government argued the Petitioner's claims were self-serving and questioned his veracity, but did not present contradictory evidence.

Despite the above ruling, the Court issued a conflicting order on December 15, 2005, dismissing the petition for writ of habeas corpus as untimely.

III.   APPLICABLE LAW AND ANALYSIS

The Court erred in its Order of December 15, 2005, inasmuch as the Court did not consider the "prisoner's mailbox rule" in that Order.  That Order will be stricken,

---

[2] *See Clay v. U.S.*, 537 U.S. 522 (2003).

[3] *See Houston v. Lack,* 487 U.S. 266 (1988).

pursuant to Federal Rule of Civil Procedure 60.  The Petitioner's motion for reconsideration is granted.

The Petitioner alleges four grounds for habeas relief:

(1) Ineffective Assistance of Counsel - the Petitioner alleges Plachta refused to permit him to testify during trial and allegedly told the Petitioner that counsel held the right to decide if a defendant testifies.

(2) Ineffective Assistance of Counsel - the Petitioner contends Plachta was not prepared for trial, did not conduct proper discovery and failed to secure evidence.

(3) Ineffective Assistance of Appellate Counsel - the Petitioner argues Plachta did not raise all appropriate arguments on appeal.

(4) Judicial Fact-Finding in Sentencing - the Petitioner claims his sentence was improperly enhanced because a jury did not make the necessary findings.

## A.      Ineffective Assistance of Counsel

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Humphress v. U.S.*, 398 F.3d 855, 858 (6th Cir. 2005).

There is a two prong test for ineffective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Standford v. Parker*, 266 F.3d 442, 453-454 (6ᵗʰ Cir. 2001)(*citing Strickland v.*

*Washington*, 466 U.S. 668 (1984)).  Scrutiny of counsel's performance must be highly

deferential.  *Strickland*, 466 U.S. at 689.

  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice...that course should be followed."  *Id.* at 697.  "To demonstrate

ineffective assistance under the prejudice prong, the defendant must show that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  *Standford*, 266 F.3d at 455 (citation

omitted).

  **1. Refusal to Permit the Petitioner to Testify**

  The Petitioner alleges ineffective assistance of counsel because he claims

Plachta did not allow him to testify on his own behalf at trial and told him that he held

the right to decide if the Petitioner could testify.  The Petitioner filed a supporting

affidavit on January 3, 2006.  The Petitioner contends he asked to testify because he

wanted to refute some of the transactions that Government witness Ronald Carboni

testified he had with the Petitioner.  The Petitioner claims that he would have

"emphatically denied" drug deals other than the one for seven and a half ounces, and

there would have been a reasonable probability that the jury would have found him

responsible for less than 500 grams of cocaine - resulting in a lower sentence.

  In response to a motion to compel, Plachta filed an affidavit on October 28, 2005.

Plachta denies he refused to allow the Petitioner to testify or conveyed in any way, the

idea that the decision whether the Petitioner testified rested with him.  Plachta does

admit that he advised the Petitioner against testifying.

The Government contends that in light of the overwhelming evidence, the Petitioner's testimony would not have impacted the jury's decision.  The Government notes that there were numerous taped conversations between the Petitioner and Carboni discussing actual and contemplated drug transactions - which were corroborated by phone and pager records.  Various agents also testified regarding controlled buys of single and multi-ounce quantities of cocaine.  Additionally, there were taped phone calls from jail where the Petitioner continued his drug trafficking activities. Lastly, the Petitioner was arrested by DEA agents after a multi-county high speed chase during which he attempted to dispose of quantities of cocaine and marijuana.

Notably, as the Government points out, the Petitioner never indicated at trial or on his direct appeal that he was denied the right to testify - despite alleging ineffective assistance of counsel in a pro se appellate brief.[4]

The Petitioner failed to establish a reasonable probability that had he testified, the result of the trial would have been different.  The only information the Petitioner claims he would have been able to rebut is some of the transactions Carboni testified about.  The Petitioner did not claim to have impeachment evidence, only his own "emphatic denials."  Even if given the opportunity to deny some of Carboni's allegations, the strength of the other evidence supports a probability that the verdict would not have come out differently.  As the Government points out, there is significant evidence outside of Carboni's testimony corroborating the Petitioner's involvement in significant

---

[4]The Sixth Circuit declined to rule on Petitioner's claims.

drug trafficking.

Because the Petitioner failed to establish he was prejudiced by the alleged denial by counsel of his right to testify at trial, habeas relief is denied on this ground.

### 2.     Improper Discovery

The Petitioner alleges ineffective assistance of counsel because, according to him, counsel was not prepared for trial and did not conduct discovery.  The Petitioner claims Plachta failed to "secure evidence relative to known witnesses."  Further, the Petitioner contends counsel should have procured the "materials" in preparation for litigation, and should have sought funds from the court if necessary.  However, other than with respect to Carboni, the Petitioner does not elaborate on what "materials" counsel should have obtained, which witnesses the materials pertain to, or how the materials would have aided in his defense.

With regard to Carboni - although the Petitioner is not clear in his petition -based on his direct appeal to the Sixth Circuit, the Petitioner lists what materials he claims Plachta should have obtained.  In his appeal, the Petitioner claims Plachta should have obtained transcripts of Carboni's testimony in previous trials, transcripts of Carboni's own plea and sentencing hearings, an investigative report on Carboni's drug activities, and records of government payments to Carboni.  *U.S. v. Delgado*, 350 F.3d 520, 527 (6th Cir. 2003).  The Sixth Circuit held:

> the jury was made aware that Mr. Carboni had been convicted on drug
> charges and was testifying pursuant to a plea agreement with the
> government.  Mr. Delgado's lawyer cross-examined Carboni about his
> plea agreement, the judgment in his criminal case, and the sentence he
> faced had he not made a deal.  Delgado has not explained how the
> materials that he argues should have been disclosed would have
> improved his attorney's ability to impeach Carboni and ultimately to secure

an acquittal.  Thus, we cannot conclude that the materials undermine confidence in the outcome of the defendant's trial...

*Id.* at 528 (citation omitted).  Similarly, the Petitioner failed to demonstrate how the materials would have altered the outcome of his case, and consequently did not establish prejudice.

Plachta avers that he was prepared for trial and conducted discovery.  He claims he reviewed videotapes, reviewed all of the materials supplied by the Government and prepared direct and cross examinations.

The Petitioner failed to establish prejudice from Plachta's alleged deficient discovery and unpreparedness.  There are no allegations whatsoever of what materials, outside of Carboni, should have been introduced and how they would have resulted in a different outcome at trial.  Therefore, habeas relief is denied on this ground.

### 3.    Failure to Raise Appellate Arguments

The Petitioner alleges ineffective assistance of counsel for Plachta's failure to present "all reasonable and appropriate arguments" to the appellate court, thereby resulting in their waiver.  Specifically, the Petitioner argues Plachta failed to raise his sentence enhancements and "the manner in which the criminal history was determined by the trial court."

Plachta avers that he made all reasonable and appropriate arguments to the appellate court.

The Petitioner objected to several sentencing enhancements and the criminal

history scoring in the trial court.  The objections were determined to be unfounded.[5]

The Petitioner failed to establish that if those objections would have been raised on

appeal, it would have led to a favorable result.

Outside of the sentencing enhancements, the Petitioner failed to allege what

particular issues should have been raised on appeal or how Plachta was deficient in not

raising them.  Moreover, there are no allegations to support a finding that any of the

alleged issues would have been successful on appeal.  Therefore, the Petitioner is not

entitled to habeas relief on this ground.

### B.    Judicial Fact-Finding

The Petition is denied as to this ground, as well.  The Petitioner argues a *Blakely*

violation because certain facts used in determining his sentence were not submitted to

the jury.[6]  This argument was foreclosed in *Humphress,* 398 F.3d at 857 (6th Cir. 2005).

*Blakely* does not apply retroactively.  Therefore, the Petitioner is precluded from seeking

resentencing on this basis.

### IV.    CONCLUSION

For the foregoing reasons, the Court treats the Petitioner's letter as a motion to

reconsider, and **GRANTS** that motion.  The Court **STRIKES** its Order of December 15,

2005; **GRANTS** the Petitioner's motion for leave to file a response to Thomas Plachta's

---

[5]Plachta filed untimely and inadequate objections in the trial court.  Although Plachta was sanctioned personally, sentencing was adjourned to allow Plachta to properly file objections.  A hearing was held on July 26, 2001 to address the merits of the objections.

[6]*Blakely v. Washington*, 542 U.S. 296 (2004); *see also*, *U.S. v. Booker*, 543 U.S. 220 (2005).

affidavit; and **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  January 19, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 19, 2006.**

**s/Linda Vertriest**
**Deputy Clerk**

9