UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY DELGADO,

    Petitioner,

v.                                                     Criminal No. 00-81120
                                                        Case No. 05-70946
                                                        Hon. Victoria A. Roberts

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On January 19, 2006, the Court denied the Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence. The Petitioner now moves for a Certificate of Appealability.

An appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. See 28 USC § 2253(c)(1)(A) and F.R.A.P. 22(b). If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. The substantial showing threshold is satisfied when a petitioner demonstrates that the issues raised are debatable among

reasonable jurists, that the court could resolve issues differently, or that the questions deserve to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983); *see also Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997).

The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than absence of frivolity' 'or the existence of mere good faith on his or her part." *Id*. at 338. However, the Court stated that a prisoner need not prove that some jurists would grant the petition for habeas corpus. *Id*. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*.

In this Circuit, the court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001)(*per curiam*). If granted, the court must identify the issues for which the applicant made the required showing. 28 USC § 2253(c)(3); F.R.A.P. 22(b). Where the petition for writ of habeas corpus was dismissed on procedural grounds, "[d]etermining whether a certificate of appealability should issue has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).

The Petitioner was convicted on March 9, 2001 of various counts relating to the trafficking and distribution of cocaine. On July 26, 2001, the Court sentenced him to

135 months in prison.  The Sixth Circuit confirmed the Petitioner's conviction and sentence on December 5, 2003.  He did not petition the Supreme Court for certiorari.

On March 11, 2005, the Petitioner filed a petition for writ of habeas corpus.  The Petitioner sought habeas relief on the following grounds:

(1) Ineffective Assistance of Counsel - the Petitioner alleged his attorney refused to permit him to testify during trial and allegedly told the Petitioner that counsel held the right to decide if a defendant testifies.

(2) Ineffective Assistance of Counsel - the Petitioner contended his attorney was not prepared for trial, did not conduct proper discovery and failed to secure evidence.

(3) Ineffective Assistance of Appellate Counsel - the Petitioner argued his attorney did not raise all appropriate arguments on appeal.

(4) Judicial Fact-Finding in Sentencing - the Petitioner claimed his sentence was improperly enhanced because a jury did not make the necessary findings.

On review, the Court found the Petitioner did not make a sufficient showing on any of the grounds.  Consequently, the Court denied Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence on January 19, 2006.

The Court finds the Petitioner has not made a substantial showing that reasonable jurists could disagree, that the court could resolve the issue differently, or that the question deserves to proceed further with regard to any of the grounds.

The Petitioner failed to make a showing of prejudice with respect to any of his claims of ineffective assistance of counsel.  The Petitioner did not show how any of the alleged shortcomings of counsel affected the outcome.

Ground four was foreclosed by *Humphress v. U.S.*, 398 F.3d 855, 857 (6th Cir. 2005).

Accordingly, Petitioner's Motion for a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

                                        **S/Victoria A. Roberts**
                                        **Victoria A. Roberts**
                                        **United States District Judge**

**Dated: March 13, 2006**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 13, 2006.**

**s/Carol A. Pinegar**
**Deputy Clerk**

---